**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LUTHER MCKIVER,**

      **Petitioner,**

**v.**                            **Case No. 5:15-cv-354-Oc-10PRL**

**SECRETARY, DEPT. OF**
**CORRECTIONS, et al.,**

      **Respondents.**
_____\

## ORDER

Petitioner, a state prisoner, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents filed a Response and appendices, seeking denial of the Petition.  (Docs. 8, 10, 11.)  Petitioner, through counsel, filed a Reply and expanded record.  (Docs. 43, 46.)  Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted.  See Habeas Rule 8(a).  The Petition is denied.

## Procedural Background

In October 2009, Petitioner pleaded guilty to two counts of burglary and one count of grand theft; he proceeded to trial on one count of trafficking in oxycodone. (Respondents' Appendix, Doc. 10, Exh. A, pp. 59-60.) (hereafter "Exh.")  A Citrus County jury found Petitioner guilty of trafficking more than 28 grams but less than

30 kilograms of oxycodone.  (Id.)   Petitioner was sentenced on November 23, 2009, to a 25-year mandatory minimum term of imprisonment for trafficking oxycodone.  He received a concurrent 91.2 month prison sentence for the charges to which he pleaded guilty.  (Exh. A, pp. 82-106.)

The offenses occurred in December 2008, when Petitioner's neighbor reported that someone had broken into his home and had stolen bottles of prescription pills.  One of the bottles contained approximately 112-114 oxycodone pills, having been filled with 120 pills approximately two days prior.  (Exhs. A, B.) The pills were never recovered, but Petitioner admitted to taking the bottle of pills (although he did not know how many were in the bottle).  (Id.)

Petitioner's conviction and sentence were affirmed by the Fifth District Court of Appeal, per curiam without written opinion, on October 19, 2010.  (Exh. E); McKiver v. State, 49 So.3d 765 (Fla. 5th DCA 2010).

On September 12, 2011, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure.  (Exh. I.)  He challenged the constitutionality of the Florida drug statute, Fla. Stat. § 893.135. (Id.)  The motion was summarily denied and *per curiam* affirmed without written opinion by the Fifth District Court of Appeal.  (Exhs. J, N.)

On March 20, 2012, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Exh. R, pp. 130-50.)  Of Petitioner's six grounds for relief, the trial court summarily denied

Grounds 1 and 4 but held an evidentiary hearing on the remaining grounds on January 14, 2013. (Exh. R, pp. 1-129.) Witnesses at the hearing were trial counsel, Petitioner, and the Assistant State Attorney who prosecuted. On January 23, 2013, the trial court granted Petitioner's Rule 3.850 motion as to Grounds 2 and 3, vacating Petitioner's judgment and sentence and ordering a new trial.[1] (Exh. R, pp. 353-54.) Grounds 2 and 3 centered on trial counsel's failure to investigate or otherwise present evidence that the victim engaged in illegal drug activities by selling and trading his prescription pills.

The State appealed, and on December 6, 2013, the Fifth District Court of Appeal reversed the trial court's order and reinstated Petitioner's judgment and sentence, finding that Petitioner had failed to meet his burden of establishing either deficient performance or prejudice under <u>Strickland</u>. (Exh. U); <u>State v. McKiver</u>, 128 So.3d 197 (Fla. 5th DCA 2013).

Petitioner moved for a belated appeal of the denial of his Rule 3.850 motion, which the Fifth District Court of Appeal granted on September 19, 2014, directing that its order "be treated as the notice of appeal from the trial court's January 8, 2013 order denying postconviction relief." (Exh. W.) In his initial brief in this belated appeal, he argued that his claims regarding misadvice as to the plea offer and cumulative error, which were found moot in the trial court's January 23, 2013

---

[1] The trial court found Grounds 5 (misadvice regarding plea offer) and 6 (cumulative error) moot based on its grant of relief as to Grounds 2 and 3.

order, should be remanded for a decision on the merits. (Exh. X.) The Fifth District Court of Appeal affirmed, *per curiam* and without written opinion, on December 2, 2014. (Exh. Y); <u>McKiver v. State</u>, 155 So.3d 364 (Fla. 5th DCA 2014).

Petitioner then filed a second Rule 3.800 motion on January 8, 2015, arguing again that Fla. Stat. § 893.135 was facially unconstitutional; and that the costs for the prosecution and defense were illegally imposed. (Exh. EE.) The trial court granted as to the costs issues, and an amended costs order was entered April 7, 2015. (Exh. KK.)

Petitioner filed the present, timely, § 2254 petition on July 14, 2015, raising 12 claims. (Doc. 1.) Respondents contend that Ground 2 is unexhausted, procedurally barred, and precluded from federal review; and that the remaining grounds, though exhausted, are without merit. (Doc. 8.) Through counsel, Petitioner has filed a Reply. (Doc. 43.)

### Exhaustion and Procedural Default

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise

---

[2] <u>Upshaw v. Singletary</u>, 70 F.3d 576, 578-79 (11th Cir. 1995) (citations omitted).

his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3]

## Ineffective Assistance of Counsel

State court rulings on ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668 (1984). "Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice . . . with performance being measured against an 'objective standard of reasonableness' under 'prevailing professional norms.'" Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Strickland, 466 U.S. at 688) (internal citations omitted).

## Discussion

### A. Exhaustion

Respondents argue, and Petitioner concedes, that Ground 2 was not exhausted in the state courts. (Docs. 8, 43.) In Ground 2, Petitioner argues that trial counsel was constitutionally ineffective for failing to investigate the criminal history of the victim; had trial counsel done so, he would have learned that the victim had prior felony convictions, including for the sale and delivery of cannabis. (Doc. 1, pp. 14-16, appendix.) Petitioner argues that the only evidence supporting

---

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

the quantity of pills stolen was the victim's testimony, and this criminal background information would have permitted him to attack the victim's credibility.  (Id.)

In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Martinez, 566 U.S. at 17.  Florida's Rule 3.850 proceedings constitute initial-review collateral proceedings.

Petitioner filed his Rule 3.850 motion *pro se* but was later appointed counsel to represent him at the evidentiary hearing.  Petitioner alleges that post-conviction counsel filed a "written demand . . . for the State to provide criminal records for the alleged victim" but did not inform the Petitioner of that demand or further present any evidence regarding the victim's criminal history.  (Doc. 43, pp. 2-3; Exh. NN, pp. 7-10.)  Petitioner did not learn of the victim's criminal history until years later, in 2015, when a friend performed an online background check on the victim and provided a copy to Petitioner.  (Doc. 1, Appendix.)

Because Petitioner filed his motion *pro* se and was later represented by counsel, Martinez applies.  Ineffective assistance of counsel in Petitioner's Rule 3.850 proceedings may be raised as cause and prejudice excusing the procedural default.  The issue is, then, whether the claim is "substantial" so as to merit

6

consideration under <u>Martinez</u>. To show that his claim is "substantial" (i.e., "some merit" as explained in <u>Martinez</u>), Petitioner must also demonstrate prejudice within the meaning of <u>Strickland</u>. Whether Petitioner's Ground 2 is "substantial" so as to invoke the <u>Martinez</u> exception to the procedural default doctrine is discussed in detail below.

### B. <u>Petitioner's Claims</u>

**Grounds 1, 2, 3: Failure to investigate and call witnesses to testify about the victim's alleged drug activity; failure to investigate the victim's criminal history**

In Grounds 1 and 3, Petitioner alleges that trial counsel was constitutionally deficient for failing to interview or call to testify at trial witnesses who would testify that near the time of the underlying crime, they witnessed the victim participate in drug activity at his home. (Doc. 1.)

The only disputed issue at trial was the quantity of pills Petitioner took; his conviction for trafficking (more than 28 grams) carried a 25-year mandatory minimum prison sentence. The stolen pills were never recovered, and Petitioner testified that he was high at the time of the burglary and could not recall how many pills were in the bottle. The victim testified that there would have been approximately 112-114 pills in the bottle when it was stolen on or around December 7, 2008. The pharmacist for the victim testified that he filled a prescription for 120 oxycodone pills for the victim on December 5, 2008. The pharmacist also testified (and the parties stipulated) that each oxycodone tablet

weighed .53 grams. One-hundred pills would weigh 53 grams; and 52.8 pills would equal 28 grams (the minimum to support a trafficking conviction). (Exh. B, pp. 53-60; 79-87.)

In his *pro se* Rule 3.850 motion, Petitioner argued that trial counsel could have called available witnesses Rodney Jones, Corey Denny, and Tracy Gates, who could have testified that they had personal knowledge of the victims' illegal drug trading and selling. Further, these witnesses were available and would have testified that they had witnessed the victim's wife surreptitiously take the victim's oxycodone pills on various occasions, and that she had unlimited access to the prescription bottles. Petitioner also argued that trial counsel should have interviewed and called the victim's wife to testify. (Exh. R, pp. 166-168.) No evidence was presented directly from these potential witnesses at the evidentiary hearing—Petitioner's counsel in the Reply asserts that Petitioner's testimony regarding the witnesses was unrefuted. (Doc. 43, p. 10.) Petitioner has attached affidavits from some of these potential witnesses to his petition (Doc. 1, Exh. D, E, F, dated December 19, 2014) and submitted updated affidavits from 2015 directly to the Court. (Docs. 20-22.)

In granting Grounds 1 and 2[4] on post-conviction review, the trial court wrote:

> After hearing testimony and argument of the parties, it is the finding of this Court that trial counsel's acts fell outside the broad range of reasonably competent performance under prevailing professional standards. Mr. Lamberti [trial counsel] testified that although

---

[4] These were presented as Grounds 2 and 3 to the trial court.

Defendant provided the names of witnesses and their expected testimony he did not investigate or interview the witnesses or seek continuance to investigate. Mr. Lamberti's reasoning for not investigating was that it would have been pointless as Defendant had told him the bottle was almost full. However, the Defendant also advised Mr. Lamberti that he was "wasted" and did not know how many pills were in the oxycodone bottle as there were 3 different prescriptions stolen. This decision cannot be attributed to strategic decision. Under the circumstances the amount of pills contained in the bottle was not determined because the bottle was not recovered. Circumstantial evidence was presented through testimony from the victim and the pharmacist that filled the prescription. Therefore, a reasonable defense to the charges was to refute the amount alleged by the State, which the witnesses may have provided.

Moreover, Defendant has demonstrated that he was prejudiced by the deficiency. The narrow issue at trial was the issue of quantity of drugs contained in the bottle taken by Defendant. The testimony at trial was provided by the alleged victim and pharmacist with a gap of one or two days wherein neither witness observed the contents of the bottle at the time it was stolen. Therefore, neither witness could confirm the exact contents of the bottle. The witnesses contemplated by Defendant would have challenged the testimony of State's witnesses and provided reasonable doubt as to the quantity for trafficking. There is a reasonable probability that the result of Defendant's trial would have been different but for counsel's failure to bring this information to the jury's attention. Accordingly, this Court finds Defendant is entitled to a new trial based on trial counsel's deficient performance.

(Exh. R, pp. 353-54.) In reversing the trial court's ruling, the Fifth District Court of Appeal did not comment on any specific factual or credibility findings of the trial court, but concluded that Petitioner "failed to meet his burden of establishing either prong under Strickland . . ." (Exh. U.)

Petitioner's Ground 2, asserting that trial counsel constitutionally ineffective for failing to investigate the victim's criminal background, which included felony drug convictions, was unexhausted but may be subject to review under Martinez.

9

Taken together, Grounds 1-3 of the present petition go to the failure of trial counsel to attack the credibility of the victim's testimony, and since this testimony "was the sole source of proof that a trafficking amount of oxycodone was taken and the only evidence that would support a 25-year minimum mandatory sentence" or to adequately present a defense to the quantity charged. (Doc. 43, p. 4.) To have prevailed on the merits of any of these three claims below, Petitioner must have shown that (1) trial counsel was deficient, and (2) that but for counsel's deficient performance, there is a reasonable probability that the jury would have found that the quantity of oxycodone involved less than 28 grams. Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.")

Petitioner has failed to demonstrate that the state appellate court's rejection of these claims was contrary to, or an unreasonable application of Strickland, or an unreasonable determination of the facts in light of the evidence adduced in state court.[5] The jury could have believed beyond a reasonable doubt that Petitioner took anywhere from 53 pills (the minimum to support a trafficking conviction) to 114 pills (the maximum number of pills that would have been in the bottle based

---

[5] As to Ground 2, Petitioner has failed to demonstrate that the Martinez exception to the procedural default doctrine applies, because he has not shown that this ground is "substantial".

on the victim's testimony) and still rendered a guilty verdict as to trafficking oxycodone.  Stated another way, even if the jury believed 61 of the oxycodone pills were ingested, stolen by someone else, sold, or traded prior to Petitioner taking the bottle, the trafficking verdict would still stand.  Accordingly, it would be purely speculative to conclude that but for the introduction of evidence that the victim engaged in illegal drug activity—especially where the specific number of pills removed prior to the burglary was not contemplated in that testimony—the jury would have concluded that Petitioner took less than 28 grams of oxycodone. Petitioner's assertions are simply insufficient to undermine confidence in the outcome of his trial.  Grounds 1 and 3 are denied.  Ground 2 is unexhausted and not subject to the Martinez procedural default exception; even if it were, it is without merit.

**Ground 4:   Failure to object to admission of confession**

Petitioner alleges that trial counsel was constitutionally deficient for failing to object to the admission of his confession into evidence, because the state failed to establish *corpus delecti*[6] prior to admitting the confession.   (Doc. 1, p. 21.) Petitioner confessed to Detective David Gater that he was high on Xanax and broke into the victim's residence and took the prescription bottles and later

---

[6] Traditional application of the corpus delecti rule requires the state to "'at least show the existence of each element of the crime' to authorize the introduction of a defendants' admission or confession."  State v. Colorado, 890 So. 2d 468, 470 (Fla. 2d DCA 2004).

ingested the pills.  In summarily rejecting this claim on post-conviction review, the trial court wrote:

> In the instant case, trial counsel had no basis to object to admission of Defendant's statements.  The State provided sufficient predicate to introduce the statements.  Detective David Gater testified that Defendant was advised of his <u>Miranda</u> rights prior to questioning and he knowingly waived his rights.  Additionally, Defendant stipulated to a certain factual basis in his plea to counts II, III and IV thus trial counsel had no basis to object.

(Exh. R, pp. 314-315) (internal citations omitted).  As Respondents note, at the time Detective Gater testified as to Petitioner's confession, the jury had already heard testimony from the victim that he had filled his prescription, left the pills at the house, someone broke in his home, and the pills were missing.  (Doc. 8, p. 26.)

Petitioner has failed to demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of <u>Strickland</u>, or an unreasonable determination of the facts in light of the evidence adduced in state court.  Ground 4 is without merit.

**Ground 5:        Stipulation to three of four elements of trafficking**

Petitioner alleges ineffective assistance of counsel for stipulating to three of the four elements of his trafficking offense.[7]  (Doc. 1, pp. 26-27.)  In rejecting this claim on post-conviction review, the trial court noted that "Defendant stipulated to

---

[7] In Petitioner's case, the trafficking offense required the following elements of proof: (1) Petitioner knowingly possessed a certain substance; (2) the substance was oxycodone or a mixture containing oxycodone; (3) the oxycodone or mixture containing oxycodone was 28 grams or more;   and, (4) Petitioner knew that the substance was oxycodone or a mixture containing oxycodone.  Fla. Stat. § 893.135(1)(c) (2008); Exh. A, pp. 64-65.

a certain factual basis in his plea to [the burglary and grand theft charges] thus trial counsel had no basis to object." (Exh. R, pp. 314-15.)

Prior to trial on the trafficking charge, Petitioner had already (1) pleaded guilty to burglary and grand theft, (2) and confessed to law enforcement that he had broken into the victim's residence, took prescription bottles, and ingested pills. The victim and his pharmacist also testified as to the type and quantity of the prescriptions. Even assuming Petitioner could demonstrate deficient performance by his trial counsel, he cannot show prejudice where there was substantial evidence of the elements to which trial counsel stipulated.

Petitioner has failed to demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of Strickland, or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 5 is without merit.

**Ground 6:   Failure to request jury instruction on use of stipulation evidence**

In Ground 6, Petitioner alleges that trial counsel was constitutionally deficient for "failing to move the court to instruct the jury if it had reasonable doubt regarding the stipulated elements, it must find the Defendant not guilty." (Doc. 1, p. 29.) In rejecting this claim on post-conviction review, the trial court found that Petitioner "has failed to demonstrate the jury instructions contained errors and that the 'stipulation instructions' would have led to a different outcome." (Exh. R, p. 315.)

Petitioner does not provide any source of authority for his proposition that such an instruction would have been appropriate; the current Florida Standard Jury Instruction in Criminal Cases regarding stipulations does not recite the standard he proposes. [8] As discussed above in Ground 5, Petitioner cannot show that he was prejudiced by either the stipulations or the failure to request a special jury instruction.

Petitioner has failed to demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of Strickland, or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 6 is without merit.

**Ground 7:   Misadvice regarding plea offer**

Petitioner alleges that trial counsel was constitutionally deficient for advising him to reject a 7-year plea offer by the State. (Doc. 1, p. 32.) Petitioner argues that at the time of the 7-year offer, trial counsel advised Petitioner "that the victim's illegal drug sells could be a mitigating factor at sentencing. This would result in a reductions [sic] of the sentence—something less than 7 years. Based solely on [trial counsel's] advice, McKiver rejected the state's plea offer." (Id.) The 7-year plea offer was preceded by a 10-year offer and followed by a 15-year offer, both

---

[8] Florida Standard Jury Instructions in Criminal Cases, 2.3 – Stipulations – was not adopted until 2013, after Petitioner's trial, but is still informative:  "When [lawyers] [parties] agree that certain facts are true, that is called a stipulation of fact. You must accept stipulated facts as having been proven. However, the significance of these facts, as with all facts, is for you to decide. In this case, the stipulated fact[s] that you must accept as true [is] [are] [insert stipulation[s]]."

of which Petitioner also rejected.  (Id.)  Trial counsel testified as to this claim during the evidentiary hearing in Petitioner's Rule 3.850 proceedings.  Because the trial court granted Rule 3.850 relief on other grounds, it found this claim moot below. The trial court did summarize the testimony in its order granting relief:

> Finally, Mr. Lamberti was re-called to testify as to discussions regarding plea offers.  Mr. Lamberti testified that he discussed the plea offer and substantial assistance agreement with the State however based on Defendant's lack of truthfulness in his prior case the State rejected a special assistance agreement.  Moreover, Mr. Lamberti strongly advised Defendant to accept each offer due to the impact of minimum mandatory sentence if he is convicted after trial. Mr. Lamberti further testified that Defendant refused each offer.

(Exh. R, p. 352.)

Petitioner was granted a belated appeal in his Rule 3.850 proceedings, but the Fifth District Court of Appeal's order characterized it as a belated appeal from the trial court's January 8, 2013 summary denial of Grounds 1 (failure to object to admission of confession) and 4 (double jeopardy).  (Exh. W.)  Although Petitioner argued that his claim regarding the plea offer should be remanded and heard on the merits, the Fifth District Court of Appeal's decision was silent on this issue and therefore it appears that this claim was not heard on the merits by the state court. (Exh. X.)  Respondents agree.  (Doc. 8, p. 30.)

Because this claim was not adjudicated on the merits by the state court, the deference required by 28 U.S.C. § 2254(d) does not apply.  "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to an unencumbered

opportunity to make his case before a federal judge."  Johnson v. Williams, 568 U.S. 289, 303 (2013).  Where § 2254(d) does not apply, the district court must decide the issue *de novo.*  Romine v. Head, 253 F.3d 1349, 1365 (11th Cir. 2001); Berghuis v. Thompkins, 560 U.S. 370, 390 (2010) ("Courts can, however, deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.")  Here, on *de novo* review, Petitioner has failed to establish a constitutional violation.

At the January 2013 evidentiary hearing in state court, Assistant State Attorney Julia Metts testified that she made three plea offers to Petitioner: 7 years, 10 years, and 15 years, in that order.  She testified that she "never" contemplated a substantial assistance agreement with Petitioner "[b]ecause he lies," gave false testimony in another criminal case, and was prosecuted for perjury.  A substantial assistance agreement was never an option for Petitioner because Ms. Metts "actually watched [Petitioner] testify falsely in the other trial where he was charged with perjury." (Exh. R, pp. 79-82.)

Trial counsel Mr. Lamberti also testified at the evidentiary hearing regarding the plea offers made to Petitioner.  Mr. Lamberti testified that he approached Ms. Metts regarding what Petitioner could do to lower his sentence, and although substantial assistance is often a possibility, Ms. Metts declined.  Mr. Lamberti

testified that he and Petitioner "had a number of discussions about the plea offers in the cases" but that Petitioner "always believed the State was bluffing in regard to the [minimum mandatory] situation." Mr. Lamberti further testified that he "strongly" advised Petitioner to accept each offer because Petitioner "was looking at a 25-year minimum mandatory in a trafficking count, and anything better than a 25-year minimum mandatory, in my opinion, was a good result." Petitioner understood if he went to trial, he faced a minimum 25-year sentence, according to Mr. Lamberti. Trial counsel could not recall if he advised Petitioner, when conveying the 7-year offer, that Petitioner's testimony against the victim could be a mitigating factor at sentencing. Mr. Lamberti testified that towards the end of the trial, Petitioner told him he wanted to take the 7-year plea offer. (Exh. R, pp. 85-98.)

Petitioner also testified at the evidentiary hearing, stating that he "rejected the seven-year plea because [he] thought that giving information on Mr. Sneed's drug – drug trading and selling, I could get a better offer." Petitioner stated that he had a conversation with trial counsel at the jail and Mr. Lamberti told him that if he did lose at trial, then the information on the victim's alleged illegal drug activities would be a mitigating factor at sentencing. Later, Mr. Lamberti correctly told Petitioner that actually, if he lost at trial, he would get the 25-year mandatory minimum. (Exh. R, p. 101.) Petitioner testified that the offers came in the order of 10 years, 7 years, and 15 years.

Assuming, *arguendo*, that trial counsel was deficient, Petitioner must still demonstrate that the Strickland prejudice prong. In Lafler v. Cooper, 566 U.S. 156 (2012), the Supreme Court "clarified that the Sixth Amendment right to effective counsel extends specifically 'to the negotiation and consideration of plea offers that lapse or are rejected.'" Osley v. United States, 751 F.3d 1214 (11th Cir. 2014) (quoting In re Perez, 682 F.3d 30, 932 (11th Cir. 2012) (per curiam)). In order to establish prejudice, the defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 566 U.S. at 164

Petitioner has failed to satisfy the three-part test set forth in Lafler. First, Petitioner has failed to demonstrate that he would have accepted the plea offer. According to his account of the plea offer progression, he first turned down a 10-year plea offer (substantially less than the 25-year mandatory minimum); then turned down a 7-year offer based on trial counsel's alleged misadvice; and later turned down a 15-year offer. The final offer was made after trial counsel advised Petitioner that the 25-year mandatory minimum applied if he went to trial. It follows then, that he had reasons for rejecting both the 10 and 15-year offers independent

18

of any misadvice from trial counsel.  Petitioner was also obviously aware that the State did not trust his testimony, since it was prosecuting him for perjury in another case.  This is consistent with trial counsel's notes (admitted into evidence at the evidentiary hearing) which state that "[Petitioner] knows perjury how impacts case." (Doc. 46.)  Petitioner has failed to establish a reasonable probability he would have accepted the 7-year offer since both before and after that offer, he refused to accept plea offers that proposed significantly lower sentences than the 25-year mandatory minimum.  See Osley, 751 F.3d at 1223 (finding no Strickland prejudice where trial counsel failed to advise defendant at all of applicable mandatory minimum).

Nor has Petitioner met the remaining two prongs of the Lafler test.  To find that he has met either would depend upon mere speculation as to whether the court would have accepted the plea or that Petitioner's sentence would have been less severe.  See Missouri v. Frye, 566 U.S. 134, 148 (2012) ("a defendant has no right to be offered a plea, nor a federal right that the judge accept it.")

Petitioner has failed to show Strickland prejudice in connection with his claim that he rejected a favorable plea offer based on trial counsel's misadvice.  Ground 7 is without merit.

### Ground 8:  Cumulative error

Petitioner alleges that the cumulative effect of trial counsel's errors resulted in constitutionally ineffective assistance of counsel.  (Doc. 1, p. 35.)  The state

post-conviction court ruled this ground moot when it granted relief on other grounds. (Exh. R.) And, as discussed *supra* in Ground 7, there was no adjudication on the merits by the state court as to this claim of cumulative error. Upon *de novo* review of the claim, Petitioner has failed to establish a constitutional violation.

The Eleventh Circuit Court of Appeals "address[es] claims of cumulative error by first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as whole to determine whether the appellant was afforded a fundamentally fair trial." Morris v. Sec'y, Dept. of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012) (citing United States v. Calderon, 127 F.3d 1314, 1333 (11th Cir. 1997)). Where no individual claims of error have merit, a cumulative error argument is without merit. Id.

Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rose to the level of ineffective assistance. This ground is without merit.

**Ground 9:** **Double jeopardy**

Petitioner argues that his convictions for trafficking and grand theft violate the Double Jeopardy Clause because he received multiple punishments for one criminal act. (Doc. 1, pp. 37-38.) Petitioner raised this issue in his *pro se* brief on direct appeal, and the Fifth District Court of Appeal affirmed *per curiam* without written opinion. (Exhs. D, E.)

The state court's ruling is consistent with federal law. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine where there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Blockburger v. United States, 284 U.S. 299, 304 (1932) (internal citations and quotations omitted).

In Petitioner's case, the trafficking offense required the following elements of proof: (1) Petitioner knowingly possessed a certain substance; (2) the substance was oxycodone or a mixture containing oxycodone; (3) the oxycodone or mixture containing oxycodone was 28 grams or more;   and, (4) Petitioner knew that the substance was oxycodone or a mixture containing oxycodone.   Fla. Stat. § 893.135(1)(c) (2008); Exh. A, pp. 64-65.

Petitioner's grand theft offense, to which he pleaded guilty, required the following elements of proof: (1) Petitioner knowingly obtained or used the property of another; and (2) Petitioner did so with the intent to either temporarily or permanently deprive the victim of the property.  Fla. Stat. § 812.014(1) (2008).

The offenses of trafficking in oxycodone and grand theft each requires proof of facts that the other does not, thereby satisfying the Blockburger test.  Petitioner

has not shown that the state court's rejection of his double jeopardy argument was contrary to or an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts.  Petitioner is not entitled to relief on Ground 9.

**Ground 10:        Abuse of discretion in precluding evidence**

Petitioner argues that the trial court abused its discretion when it granted a motion in limine by the State excluding testimony regarding the victim's selling and/or trading of prescription pills.  (Doc. 1, pp. 38-39.)  Petitioner states that he "attempted to proffer evidentiary facts/testimony proving that the victim's daily occurrences dealt with a constant flow of selling and trading pills."  (Id. at p. 38.) Petitioner raised this issue of trial court error in his *pro se* initial brief on direct appeal.  (Exh. D.)

A review of the trial transcript shows that the State moved for a motion in limine to prevent Petitioner from testifying regarding any alleged drug activity by the victim without any other evidence or corroboration.  The exchange between Assistant United States Attorney Metts, trial counsel Lamberti, and the court was as follows:

> MS. METTS:        Your Honor, I, of course cannot ask whether or not the defendant's going to testify and I wouldn't do that.
>
> But in listening to his jail calls with his parents, or his mom specifically in this situation, I would move that he not be allowed to address any issues with the victim selling his narcotics or trading them or anything like that.

There's been no evidence presented to my office that he has, in fact, in the past sold them or trades his pills or anything like that. And the victim in this case is Mr. Sneed.

Your Honor, it would be improper character evidence. It would be essentially to, you know, assassinate the victim's credibility by some prior bad act that they're not even proving up or anything like that.

And the only reason I say that, Your Honor, is because I've listened to hours upon hours of Mr. McKiver's conversations with his family. And I believe that if he took the stand that's something that he would want to testify to.

But it's definitely inadmissible. There's no evidence of it. There's no corroboration of it. It would be –

THE COURT: Without evidence and corroboration, I agree with you. And I don't what Mr. Lamberti may have or may say. But as far as her motion, Mr. Lamberti, you have any response to that?

MR. LAMBERTI: May I have a moment with my client, Judge?

THE COURT: Yes.

. . . .

MR. LAMBERTI: Judge, after consultation with my client, we don't – we have no objection to the State's motion in limine in regard to the victim –

THE COURT: All right.

MR. LAMBERTI: -- and whether or not he sells or transfers this pills to other people.

(Exh. B, pp. 11-13.)

23

The trial court did not deny Petitioner the opportunity to present evidence (other than his uncorroborated testimony) regarding the victim's alleged drug activity. Trial counsel never sought to present such evidence (a decision discussed in Grounds 1-3 above). Accordingly, the trial court did not abuse its discretion by declining to permit Petitioner to testify—with no other evidence to support his claims—that the victim sold and traded his prescription pills.

Petitioner has not shown that the state court's rejection of this claim was contrary to or an unreasonable application of clearly established federal law, or that it was based on an unreasonable determination of the facts. Petitioner is not entitled to relief on Ground 10.

**Grounds 11, 12: Mandatory minimum sentence violated due process and the Eighth Amendment prohibition of cruel and unusual punishment**

Petitioner alleges that the 25-year mandatory minimum sentence he received pursuant to Fla. Stat. § 893.135 violated his due process rights and Eighth Amendment right to be free from cruel and unusual punishment. (Docs. 39-40.) The state court rejected these arguments in Petitioner's second Rule 3.800 proceedings, and that decision was affirmed by the Fifth District Court of Appeal. (Exhs. FF, II.) The state court wrote:

> The Florida Supreme Court has found these statutes are not unconstitutional in State v. Benitez, 395 So. 2d 514 (Fla. 1981). The Florida Supreme Court address[ed] each of the issues raised by Defendant and held section 893.135 did not violate the . . . due process clause and prohibition against cruel and unusual punishment. Id. at 518-20.

(Exh. FF, p. 2.)  The state court's ruling on this issue is consistent with federal law. Petitioner's jury found by special verdict that the quantity of the oxycodone was more than 28 grams but less than 30 kilograms.  See Alleyne v. United States, 570 U.S. 99 (2013) ("facts that increase mandatory minimum sentences must be submitted to the jury").  Grounds 11 and 12 are without merit.

## Conclusion

The Petition (Doc. 1) is **DENIED with prejudice**.  The Clerk is directed to enter judgment accordingly.  Any of Petitioner's allegations not specifically addressed in this Order have been found to be without merit.  The Clerk is directed to terminate any pending motions, and close the file.

**IT IS SO ORDERED**.

**DONE AND ORDERED** at Ocala, Florida, this 22nd day of October, 2018.

UNITED STATES DISTRICT JUDGE

Copies:      Petitioner, Counsel of Record